# In the United States Court of Federal Claims

No. 11-268C

(Filed: February 24, 2014)

```
*******************************
```
SECURITYPOINT HOLDINGS, Inc.,

    *Plaintiff*,

v.

THE UNITED STATES,

    *Defendant*.
```
*******************************
```

## ORDER

    Pending in this patent infringement case are the parties' cross-motions for summary judgment on validity. The issues have been extensively briefed, and oral argument was held on February 21, 2014. For the reasons set out below, the court denies both parties' motions. The matter will be set for trial.

    SecurityPoint is suing the United States for the alleged unauthorized use of SecurityPoint's invention described in the 460 patent in claims 1-4, 6-9, and 12-15. The 460 patent concerns a system of recycling trays through security screening checkpoints by use of movable carts and the display of advertising on the bins. The patent dates to the provisional patent application filed on July 3, 2002. The 460 patent is comprised of one independent claim and 14 dependant claims. We rely on our prior opinion regarding claim construction for the relevant background. *See SecurityPoint Holdings, Inc. v. United States,* 111 Fed. Cl. 1 (2013).

    For the purposes of the cross motions only, the parties agree that the the field of relevant art is "security checkpoint screening operations," and thus the person of ordinary skill in the art is someone who, as of July 3, 2002, possessed experience sufficient to have a comprehensive understanding of security checkpoint screening operations. Because we were of the view that it is not necessary to have a comprehensive understanding of security

checkpoint screening operations in order to understand what is taught by the 460 patent, we declined during claim construction to adopt any particular understanding of what is meant by a comprehensive understanding of security checkpoint screening operations. *See id.* at 6. Our reluctance to do so has not changed during the summary judgment process, which has focused on the government's two defenses: anticipation and obviousness.

This matters because of disputes concerning the expert reports plaintiff has proffered from Mr. Marcus Arroyo and Mr. Layel Abdel-Malek. Even though Mr. Arroyo is arguably qualified in the area of security checkpoint screening operations, and even though the government is willing to assume that is the proper area of expertise, it has moved to strike portions of Mr. Arroyo's report and his deposition testimony because he is not qualified to opine as to what the key patent in its anticipation defense, known as the "Flint patent," would have taught a person of ordinary skill of the art. Plaintiff confuses the matter by offering the report of Mr. Abdel-Malek, who it concedes would not be an expert in the field of art under its own definition, but who it suggests has useful things to add because he is a systems engineer. Plaintiff has also offered the views of the inventor, Mr. Joseph Ambrefe, Jr., although not in the form of an expert report, and defendant has objected to our consideration of anything Mr. Ambrefe has written because he has not been qualified as an expert.

Although patent validity ultimately is a legal question, it has imbedded within it certain preliminary factual issues. *Graham v. John Deere Co. Of Kansas City*, 383 U.S. 1, 18 (1966). One is the level of ordinary skill in the field of art. Defendant's willingness, in other words, to use plaintiff's proffered definition does the court little good, when its real position is that the correct field of art is something more on the order of general mechanical engineering or systems design. The parties are completely at odds over the direction our consideration should go with respect to prior art. We believe that prudence dictates that we initially resolve at trial the question of the correct field of art and the level of ordinary skill in it before attempting to define and construe the parties' proffered prior art and compare it to the 460 patent.[1]

This preliminary confusion reverberates through other factual issues as well. This becomes particularly acute when the parties argue over the

---

[1] We recognize that those subsequent considerations are likewise reliant on factual determinations, which will also necessarily be made at trial.

government's anticipation defense. Defendant contends that the Flint patent completely anticipates all of plaintiff's claims. The key point of controversy in that respect is whether passing "through" the "scanning device" found in the 460 patent can be found in Flint, which refers, among other things, to passing "under" a "hopper," which is part of the "tray filler." Plaintiff's response to the anticipation argument is built around the asserted importance of security scanning. Defendant, despite conceding the definition of a person skilled in the art, fundamentally takes the position that the field of art is not limited to security checkpoints.

We note as well that plaintiff, late in the briefing process, introduced a number of exhibits along with the affidavit of Mr. Ambrefe on the question of secondary proof of non-obviousness. Defendant, while primarily relying on the argument that the court should never get to secondary considerations, also asks us to conclude that, as a matter of law, none of the materials offered creates a triable issue of fact. Without endorsing any of plaintiff's specific contentions, we can say without question that there are numerous disputed issues of fact raised by the secondary considerations.

## CONCLUSION

The pending dispositive motions of both parties are denied without prejudice. All of the questions of fact imbedded in the issue of patent validity remain open. The parties are directed to consult and propose a pretrial schedule of events. Their joint report, which may contain competing views, is due on or before March 25, 2014.

s/ Eric G. Bruggink
ERIC G. BRUGGINK
Judge