# In the United States Court of Federal Claims

No. 11-268C
(Filed: September 19, 2025)

* * * * * * * * * * * * * * * * * * * * * *

SECURITYPOINT HOLDINGS, INC.,

    *Plaintiff*,

v.

THE UNITED STATES,

    *Defendant*.

* * * * * * * * * * * * * * * * * * * * * *

### ORDER

Pending is defendant's motion for leave to conduct discovery related to plaintiff's motion for fees and costs. Also pending is plaintiff's motion for a protective order regarding its billing records. Both motions are fully briefed, and oral argument was held on September 17, 2025. As explained more fully below, defendant's motion is granted in part as to plaintiff's retention agreements with counsel of record's law firm and with respect to limited written discovery regarding one consultant. It is denied in all other respects. Plaintiff's motion for a protective order is granted.

## I. Defendant's Motion for Discovery

Defendant seeks discovery because the materials attached to plaintiff's motion for fees and costs consist primarily of billing records but do not contain explicit evidence of payment. Additionally, certain bills from experts are not detailed beyond the amount sought for payment, and lastly, certain costs requested are supported only by records such as credit card bills or screenshots of purchased flights. Thus, defense counsel avers that it needs more information through discovery to assess whether bills have been paid (to avoid any windfall to the plaintiff) and to test the reasonableness of certain claimed costs. It asks for "limited discovery" in the form of "targeted

document requests and interrogatories, and potentially a small number of depositions and limited expert discovery." Def.'s Mot. for Discovery 1, 11.

Plaintiff begins its response by urging the court not to allow defendant to further delay this case by creating a new round of protracted litigation regarding fees. It points out that the case is nearing its fifteenth anniversary, and that the magnitude of fees and costs is attributable to defendant's over-zealous defense, which is not a reason to open new lines of inquiry beyond what is normally considered in connection with a fee shifting provision (reasonableness of hours expended and rates per hour). As to allegedly undetailed cost records, it contends that defendant has all it needs to make the argument that costs are insufficiently supported.

Plaintiff also argues that the language of 28 U.S.C. § 1498, which shifts attorney and expert fees and costs in cases over 10-years old in which the plaintiff is successful, requires only that the requested fees and costs be reasonable, meaning that there is no requirement that the fees actually be paid, or even necessarily owed, by SecurityPoint to its counsel and experts. It reads the language of section 1498 as awarding whatever is billed, regardless of whether such amount was actually paid or incurred by the plaintiff, so long as it is "reasonable." It cites this court's opinion in *Hitkansut LLC v. United States*, 142 Fed. Cl. 341 (2019) for support.

Plaintiff is correct that discovery would normally be out of bounds for a fee request as billing records are generally sufficient to test whether claimed fees and costs are reasonable. As the Supreme Court has cautioned, these issues "should not result in a second major litigation," *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (dealing with fee shifting under the Civil Rights Act) and the court should not don the accountant's "green-eyeshade" to audit fee requests, *Fox v. Vice*, 563 U.S. 826, 838 (2011) (also dealing with a Civil Rights Act case). But we are not convinced that section 1498 is intended to divorce the question of who the ultimate payee of any fee award will be from whether the fees are recoverable under the statute. In essence, plaintiff's position is that the statute is agnostic to whether plaintiff in fact owes its counsel the claimed fees. This means that, in certain circumstances, such as contingency fee agreements, a plaintiff could recover more in fees than it owes its counsel (the dollars paid to counsel as a percentage of the merits judgment is less than it recovers for fees). That we cannot accept because the word "costs" implies that they have been incurred or are otherwise owed.[1]

---

[1] *Hitkansut* is not to the contrary. There, the court was confronted with the question of whether the real party in interest was before it asking for fees. The government in that case argued that, because of a contingency fee

Contemplating this possibility, we asked plaintiff's counsel during oral argument whether the contingency fee he expected to receive from his client out of our judgment for infringement would exceed the amount of attorney fees requested. Mr. Graveline represented that it would not. This raises the possibility of a windfall should the court award all of the requested attorney fees. Thus, we find it appropriate for plaintiff to provide defendant with all retention agreements between it and its counsel. Beyond that, we do not find any other discovery appropriate.

The same principle holds regarding expert and consultant costs. Discovery generally into these is inappropriate. The exception is where defendant has reason to believe that consultant fees have not been paid and will not be paid. In that event, those would not be "costs" under the statute that should be compensated. Thus, some limited discovery is appropriate with regard to the status of plaintiff's claimed fees for work performed by the Podesta Group. If plaintiff has not paid those charges and otherwise maintains that it does not owe the Podesta Group, it would be an unjust windfall to recover them from the United States under section 1498. No other discovery into plaintiff's relationship with other experts or consultants is warranted.[2]

Lastly, we agree with plaintiff that discovery related to billings or receipts that are less detailed is unnecessary. Defendant can argue from the

---

arrangement, it was the law firm representing the patentee that ought to have brought the fees request. Judge Lettow held that section 1498's use of the term "costs" includes attorney fees that might not have been incurred in the sense that they were subject to fee arrangements contingent on the amount of award or where the patentee only had to pay its attorneys if fees where awarded. 142 Fed. Cl. at 355-56. Judge Lettow was not confronted with a circumstance where the plaintiff might receive a windfall. In reaching his holding, he relied on the Federal Circuit's decision in *Phillips v. Gen. Servs. Admin.*, 924 F.2d 1577, 1583 (Fed. Cir. 1991), in which the court stated that, under the Equal Access to Justice Act, the statute did not contemplate an award of fees to be retained by the party. In fact, later that same year, Judge Lettow was faced with a fees motion under 1498 and considered whether an award would constitute a windfall, finding that it would not. *Fastship, LLC v. United States*, 143 Fed. Cl. 700, 726 (2019).

[2] The mere fact that there was a contingency fee arrangement with another consultant is not grounds for questioning whether these were costs actually owed by plaintiff.

3

records as submitted by plaintiff. If the records are insufficient to support a showing of reasonableness, the claimed costs will not be awarded.

## II. Plaintiff's Motion for a Protective Order

Plaintiff asks the court to issue an order preventing defendant from disclosing its billing and expense records to an expert retained by the government to help it analyze plaintiff's fee request and supporting records. Plaintiff maintains that these records are confidential, but its main concern is that allowing defendant an expert to analyze and opine regarding plaintiff's fee request will unnecessarily enlarge the scope of the litigation on this motion. It also points out that defendant's expert is an attorney and is in no better position than the court to determine the reasonableness of the fees sought.

Defendant answers that plaintiff has misapprehended the reason for its retention of an expert for this issue. It avers that a consultant is needed to help it analyze but not necessarily opine to the court regarding the requested fees and costs. It cites to the 5700 pages of supporting records and pleads the necessity of help in dealing with them. It has not foresworn offering an expert opinion, however, and we note that it has asked for expert discovery in connection with its response to the fees motion.

Although we are sympathetic to defendant's plight, the greater danger here is enlarging the scope of the remaining litigation on fees and thereby further prolonging this case. The only remaining issue is the reasonableness of claimed fees and expenses. The court is in the best position to make that determination. We will not permit an expert to examine plaintiff's confidential records nor expert discovery at this stage of the litigation related to fees and costs.

Accordingly, the following is ordered:

1. Defendant's motion for leave to take discovery (ECF No. 784) is granted in the limited respect explained above and denied in all other respects.

   a. Plaintiff is directed to produce to defendant its retention agreements with counsel of record and his firm.

   b. Defendant is permitted to serve written discovery on plaintiff related to whether and what it has paid the Podesta Group and whether it owes any outstanding sums to the Podesta Group.

      c. Defendant is directed to serve this discovery on or before September 26, 2025.

2. Plaintiff's motion for a protective order (ECF No. 785) is granted. Defendant is hereby ordered not to disclose plaintiff's confidential materials to its expert.

s/Eric G. Bruggink
ERIC G. BRUGGINK
Senior Judge
